

September 29, 2014

<u>Via Certified Mail</u>

Administrator Gina McCarthy
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460


**RE:    Notice of Intent to Sue under the Federal Clean Air Act**


Dear Administrator Gina McCarthy:

This letter provides notice that the Sierra Club intends to file a citizen suit against the United States Environmental Protection Agency ("EPA") and the Administrator of the EPA, based on EPA's failure to perform a nondiscretionary duty pursuant to 42 U.S.C. § 7661d(b)(2) of the Clean Air Act ("CAA" or "Act"), to either grant or deny a petition to object to the proposed Title V permit ("Proposed Permit") for a New Hampshire power plant, filed by Sierra Club pursuant to Section 505(b)(2) of the Act, 42 U.S.C. § 7661d(b)(2), within 60 days after the petition was filed. 42 U.S.C. § 7661d(b)(2). This notice is provided pursuant to 42 U.S.C. § 7604(b). Specifically, Sierra Club petitioned EPA to object to the proposed Title V permit issued by New Hampshire Department of Environmental Services ("NH DES") for Public Service Company of New Hampshire's ("PSNH") Schiller Station power plant in Portsmouth, New Hampshire. This petition was delivered via certified mail to EPA on July 28, 2014, and more than 60 days have elapsed since without EPA taking action on the petition.

I.    Schiller Station Is Subject to Title V of the Clean Air Act

Title V of the CAA requires specified sources of air pollution to obtain an operating permit from a permitting authority. 42 U.S.C. § 7661a(a). New Hampshire's state operating permit and Title V permit programs have been approved by EPA and, accordingly, NH DES is responsible for issuing Title V permits to facilities within the state. New Hampshire Code of Admin. Rules Part ENV-A 609 *et seq.*; 66 Fed. Reg. 48,806 (Sept. 24, 2001).

PSNH's Schiller Station is subject to Title V Permit No. TV-OP-053, which was issued on March 9, 2007, and expired five years later on March 9, 2012. On October 2, 2013, NH DES finalized a draft Title V permit to replace the one that expired in the spring of 2012, and opened a public comment period on the draft until November 6, 2013. The Sierra Club submitted timely comments on the draft. In pertinent part, the Sierra Club argued that the draft permit set sulfur

1

dioxide ("SO$_2$") limits in dramatically higher than what is necessary to adequately protect human health in either New Hampshire or in neighboring Maine, failed to set limits to capture small-particle particulate matter ("PM$_{2.5}$") and condensable PM, and failed to require sufficiently frequent stack testing for PM.

II.      Sierra Club's July 2014 Petition to EPA to Object to Proposed Title V Permit

As per CAA section 505(b)(1), within 45 days of receipt of a proposed Title V permit, the Administrator of the EPA "shall . . . object" to the permit's issuance if it "contains provisions that are determined by the Administrator as not in compliance with the applicable requirements" of the CAA and "the requirements of an applicable implementation plan." 42 U.S.C. § 7661d(b)(1). If EPA does not object during this period, any person may petition the Administrator for issuance of an objection within 60 days after the expiration of the 45-day review period. 42 U.S.C. § 7661d(b)(2). The timing for EPA to object to the Proposed Permit for Schiller Station and for the public to petition EPA to object to the Proposed Permit was as follows: EPA's 45-day review period began on April 14, 2014 and ended on May 29, 2014; the 60 day public petition period accordingly did not end before July 28, 2014.

EPA did not object to the Schiller Station Proposed Permit within the allotted 45-day time frame. Accordingly, Sierra Club filed a Petition to Object on July 28, 2014.

Sierra Club's Petition to EPA was properly based on issues raised in Sierra Club's prior comments to NH DES on the Proposed Permit for Schiller Station. Specifically, the Petition notes that the permit (1) fails to impose sufficiently stringent SO$_2$ limits to prevent Schiller Station from causing exceedances of the National Ambient Air Quality Standard ("NAAQS") within New Hampshire; (2) fails to impose sufficiently stringent SO$_2$ limits to prevent exceedances of the NAAQS in neighboring Maine; (3) fails to include required emissions limits for PM$_{2.5}$; and (4) the proposed permit requirements for stack testing are impermissibly infrequent.

As of September 29, 2014, EPA has yet to respond to the Petition to Object.

III.      Citizens May Sue EPA for Failure to Timely Grant or Deny a Petition to Object

Section 304(a)(2) of the CAA provides that any person can sue the Administrator of the EPA "where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary." 42 U.S.C. § 7604(a)(2). Section 505(b)(2) of the CAA expressly provides that the "Administrator shall grant or deny [a Title V petition] within 60 days after the petition is filed." 42 U.S.C. § 7661d(b)(2) (emphasis added). This provision imposes a mandatory, nondiscretionary duty upon EPA to act within 60 days of the filing of a petition under this section. Accordingly, in the event that the Administrator fails to perform this nondiscretionary duty, citizens may bring suit to compel such action.

IV.     Sierra Club Intends to File a Citizen Suit

As stated above, Sierra Club filed timely petitions to object to the Proposed Title V
Permit for Schiller Station.  The Administrator had 60 days—until September 26, 2014—to grant
or deny Sierra Club's petition to object to the Proposed Permit for Schiller Station.  42 U.S.C. §
7661(b)(2).  Yet, as of September 29, 2014, the Administrator has not yet granted or denied the
Petition to Object.  Therefore, the Administrator has failed to perform the nondiscretionary duty
to grant or deny Sierra Club's Petition and is in violation of 42 U.S.C. § 7661d(b)(2).

The CAA requires citizens to provide the Administrator with 60 days notice prior to
bringing an action under Section 304(a)(2).  42 U.S.C. § 7604(b)(2); *see also* 40 C.F.R. 54.2(a).
Accordingly, Sierra Club hereby notifies EPA and the Administrator of its intent to file suit
against EPA and the Administrator of the EPA, under CAA Section 304(a)(2) for failing to
perform the nondiscretionary duty of granting or denying Sierra Club's Petition to Object to the
Proposed Title V Permit for Schiller Station.  If the violation remains unresolved at the end of
the 60-day notice period, Sierra Club intends to seek the following relief:

1.   An order compelling EPA and the Administrator to grant or deny Sierra Club's
     Petition within 60 days from the date of the order;

2.   Attorneys' fees and other litigation costs; and

3.   Other appropriate relief as allowed.

If you would like to discuss the matters identified in this letter or offer a proposal for
resolving these issues, please contact me directly at zachary.fabish@sierraclub.org or (202) 675-
7917.

Sincerely,

_____/s/_____
Zachary M. Fabish, Esq.
The Sierra Club
50 F Street NW, Eighth Floor
Washington, DC 20009
Tel.: 202.675.7917
E-mail: zachary.fabish@sierraclub.org
*Counsel for the Sierra Club*

Cc via electronic mail:

Curt Spalding, Regional Administrator
U.S. EPA Region 1
5 Post Office Square - Suite 100
Boston, Massachusetts 02109-392
spalding.curt@epa.gov

3

David Conroy, Chief of Air Programs Branch
U.S. EPA Region 1
5 Post Office Square - Suite 100
Boston, Massachusetts 02109-3912
conroy.dave@epa.gov

Ida McDonnell, Manager Air Permits, Toxics and Indoor Programs Unit
U.S. EPA Region 1
5 Post Office Square – Suite 100
Boston, Massachusetts 02109-3912
mcdonnell.ida@epa.gov